UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMBERLYN STOREY,

              Plaintiff,

   v.

CATHY WEYAND, *et al.*,

              Defendants.

CASE NO. 3:19-cv-05733-JRC

ORDER AMENDING
SCHEDULING ORDER AND
GRANTING MOTION TO
COMPEL

This matter is before the Court on the parties' consent to a magistrate judge. *See* Dkt. 9. Defendants request—without plaintiff's opposition—that the Court modify the scheduling order by extending pretrial deadlines in light of the COVID-19 outbreak. *See* Dkt. 13. Defendants further request that the Court compel plaintiff to respond to an interrogatory and four requests for production. *See* Dkt. 14. Plaintiff opposes the motion to compel. *See* Dkt. 15.

Defendants' motion to compel is granted because plaintiff failed to designate or provide documents and complete information regarding her medical history, damages, and social media posts related to this litigation and these matters are appropriate topics for discovery. Plaintiff

1   shall comply with this Order as discussed herein on or before **June 5, 2020**.  Defendants' request

2   to amend the scheduling order is unopposed and is granted as set forth below.

3                           **BACKGROUND**

4         Plaintiff alleges that she is a disabled and that because of her disabilities, she must live in

5   a smoke-free environment.  Dkt. 5, at 1–2.  She brings claims against defendants—purportedly

6   her apartment complex's owner and property manager—on the basis that after she complained of

7   second-hand smoke exposure, they allegedly failed to relocate the apartment's designated

8   outdoor smoking area and then raised her rent and attempted to terminate her lease.  Dkt. 5, at 1.

9   Plaintiff brings claims under the Fair Housing Act, 42 U.S.C. § 3601 and the Washington State

10   Law Against Discrimination, RCW 49.60.2235, and Consumer Protection Act, RCW 19.86.020,

11   and for negligence.  *See* Dkt. 5.

12         In December 2019, after the parties consented to a magistrate judge, the Court entered

13   pretrial deadlines and set a trial date of September 14, 2020.  *See* Dkt. 10.  The parties engaged

14   in discovery over the next four months until the discovery deadline on April 30, 2020.  *See* Dkt.

15   14, at 2.  Before the discovery deadline, defendants filed the pending motion to compel, in which

16   they assert that plaintiff refused to respond to certain interrogatories and requests for production.

17   *See* Dkt. 14.  Defendants include a letter from one of plaintiff's providers stating that she is

18   disabled because of her leg and back injury, which defendants assert reveals the "true nature" of

19   her alleged disability.  *See* Dkt. 14-2, at 1; Dkt. 14-3, at 1.

20                        **MOTION TO COMPEL**

21      **I.  Legal Principles**

22        Federal Rule of Civil Procedure 26(b) governs the scope of discovery that may be

23   obtained—

24

ORDER AMENDING SCHEDULING ORDER AND
GRANTING MOTION TO COMPEL - 2

1
2
3
4

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

5
6
7

Fed. R. Civ. P. 26(b)(1).  **"**An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2).  Similarly, a party may serve on another party requests to serve documents within the scope of Rule 26(b).  *See* Fed. R. Civ. P. 34(a).

8
9
10

"The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).

11
12
13
14

> "The answers to interrogatories must be responsive, full, complete and unevasive.  The answering party cannot limit [her] answers to matters within [her] own knowledge and ignore information immediately available to [her] or under [her] control. . . .  If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, [she] should so state under oath and should set forth in detail the efforts made to obtain the information."

15
16

*Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)).

17
18
19
20
21
22
23

When responding to requests for production, a party must produce all relevant documents within her "possession, custody[,] or control."  *McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D. Ind. 1993) (quotation marks omitted).  The requesting party "is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced."  *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

24

ORDER AMENDING SCHEDULING ORDER AND
GRANTING MOTION TO COMPEL - 3

## II.  Interrogatory 13

Defendants assert that plaintiff has failed to fully respond to Interrogatory 13, which requested that she list "every doctor, hospital, clinic, chiropractor, naturopath, counselor, pharmacy or other health care provider from whom you have received treatment within the last 10 years, including the dates, nature of the disease and type of treatment received." Dkt. 14, at 2. However, plaintiff listed only "treating providers without any dates, the nature of the condition or disease being treated, or the type of treatment with each provider," objecting that other information was overly broad and burdensome, irrelevant, and confidential or privileged. *See* Dkt 14, at 2–3.

Defendants assert that they are entitled to plaintiff's medical records and to more than just the names of plaintiff's treating providers because she has placed her medical condition at issue by asserting that she is disabled as the basis for her claims.   In response, plaintiff states that she has provided all information that she can recall and that it would be unduly burdensome to request that she obtain and provide her own medical records. *See* Dkt. 15, at 2.

Defendants' request is granted.  Plaintiff has put her medical history at issue by alleging that she is a "person with disabilities under 42 U.S.C. §3602(h) and RCW 49.60 that are covered by the Fair Housing Act (42 U.S.C. §3601) and the Washington Law Against Discrimination (RCW 49.60)." Dkt. 1, at 3.  The names of her treatment providers, dates and nature of treatment, and type of disease treated for the prior decade are all relevant to her claims are relevant and proportional to the needs of the defense.  She is not required to produce her own medical records in response to this interrogatory.  However, defendant may choose to obtain such records, if necessary to develop the facts giving rise to this plaintiff's claim and defendants cannot do so unless they are provided the information requested in this interrogatory.  Therefore,

1  the Court grants the motion to compel regarding interrogatory 13.  Although plaintiff must give a

2  full and complete answer to the best of her ability and must provide information within her

3  control or that of any agents or representatives that she has, she may also state under oath that

4  she is unable to provide certain information on the basis that it is not within her control or

5  possession.

6      Defendants also request that plaintiff provide a "jurat"[1] to her responses.  Plaintiff states

7  that she will do so.  *See* Dkt. 15, at 2.  Therefore, the motion to compel is also granted with

8  respect to this issue.

9      **IV.  Requests for Production 1, 2, 13**

10     Defendants requested that plaintiff provide copies of bills for her medical expenses, other

11  expenses, and any past or future economic losses that she will allege as damages at the time of trial.

12  Dkt. 14-6, at 18–19, 23–24.  Plaintiff objected "to the extent [these requests] call[] for documents

13  that are privileged or confidential."  However, she agreed to provide responsive documents—

14  documents that defendants claim not to have received.  *See* Dkts. 14, at 5; 14-6, at 18–19, 23–24.

15  A follow-up letter that defendants sent states that plaintiff had gone into "painstaking detail to

16  provide a list of items purchased" but had not provided any bills or documentation for those

17  items.  Dkt. 14-8, at 1–2.  In response to the motion to compel, plaintiff reiterates that she has

18  provided all the responsive documents that she has.  *See* Dkt. 15, at 2.

19     The motion to compel is granted.  As noted above, defendants are entitled to

20  individualized responses to their requests.  Plaintiff shall (1) respond to the motion by

21  specifically listing which documents were responsive to defendants' requests for production 1, 2,

22  _____

23  [1] "A certification added to an affidavit or deposition stating when and before what authority the affidavit or deposition was made."  "Jurat," Bryan A. Garner, *Black's Law Dictionary* (11th ed. 2019).

24

1   and 13; (2) provide any additional documents within her possession or control; and (3) certify

2   that she has provided all documents within her possession or control.

3   **V.  Request for Production 21**

4   Defendants requested that plaintiff produce "any document, communication, image,

5   photograph, video, posts or other Social Networking Communication you have made to any

6   Social Media Networking Service from January 1, 2018 to present concerning the issues leading

7   up to the subject lawsuit, or the damages that you claim to have sustained as a result." *See* Dkt.

8   14-6, at 27.  Plaintiff objected that these documents were confidential and privileged yet stated

9   that she was producing "responsive documents."  Dkt. 14-6, at 27.  Defendants assert that they

10  received no such documents, and plaintiff now states that she responded that she could recall a

11  social media post and is searching for it in order to provide it.  Dkt. 15, at 2.

12  In light of plaintiff's statement that she is attempting to provide a responsive document,

13  the Court grants defendants' motion to compel.  Plaintiff shall provide all responsive documents

14  within her possession or control and shall certify that she has done so.

15  **MOTION TO AMEND SCHEDULING ORDER**

16  Plaintiff states that she has no opposition to amending the scheduling order as defendants

17  request, although she requests later deadlines for expert disclosures.  *See* Dkt. 16, at 1.

18  Defendants have not replied to this modification.  *See* Dkt.

19  Therefore, the Court will enter the following scheduling order, including plaintiff's

20  modification to the expert disclosures deadline.  Other than these amendments, the Court's prior

21  scheduling orders remain in effect.  *See* Dkts. 4, 10.

22

23

24

| | |
|---|---|
| Plaintiff's expert disclosures under Fed. R. Civ. P. 26(a)(2) | May 15, 2020 |
| Defendant's expert disclosures under Fed. R. Civ. P. 26(a)(2) | June 19, 202 |

| Date for completion of discovery per LCR 16 | July 15, 2020 |
|---|---|
| Last date to file dispositive motions per LCR 7(d)) | July 15, 2020 |
| Settlement Conference per LCR 39.1(c)(2) held no later than | July 20, 2020 |
| Mediation per LCR 39.1(c) held no later than | July 24, 2020 |

## CONCLUSION

As set forth above, the motion to compel is granted (Dkt. 14) and plaintiff shall comply on or before June 5, 2020.  The motion to amend the scheduling order (Dkt. 13) is granted.

Dated this 22nd day of May, 2020.


J. Richard Creatura
United States Magistrate Judge